In the Matter of the Estate of THOMAS F. CORRIGAN, Deceased.

Surrogate's Court, Westchester County, May 15, 1962.

*Sirignano & Gilberg,* petitioners in person. *Muldoon & Horgan* for respondents. *William F. Banks* as special guardian.

HARRY G. HERMAN, S. The attorneys for the general guardian of a minor have instituted a proceeding under section 231-a of the Surrogate's Court Act to recover from the estate of the minor the claimed value of legal services rendered and disbursements advanced in contesting the probate of the will of the minor's grandfather. The objectant was wholly unsuccessful, and the fee and disbursements requested approximate one fourth of the modest legacy that the minor will receive under the will of his grandfather. The attorneys spent a great deal of time and effort in a wholly futile contest, and in addition, have expended a considerable amount of time and effort in making applications to recover payment for said services. A prior proceeding under section 231-a to recover said fee and disbursements from the estate of the decedent was denied by former Surrogate DILLON without prejudice to the institution of the present application. (See *Matter of Corrigan,* 29 Misc 2d 123.)

Wholly apart from the question as to whether there was reasonable basis for filing the objections to probate, it is clear that the estate of said minor was not increased as a result of such legal services, although a portion of the services rendered consisted in the making of an application for the appointment of the general guardian of said minor.

Upon all the evidence, this court cannot in good conscience allow any such sum as the amount sought as compensation for said legal services, and fixes and determines the amount of $1,200 as the fair and reasonable value of such legal services and disbursements, on account of which there should be credited the sum of $200 paid by said minor at the time that such attorneys were retained.